23336

James A. FURSE and Sara B. Furse, Plaintiffs v. TIMBER ACQUISITION, a Limited Partnership, and Federal Paper Board Company, Inc., its General Partner, as Successors in Interest to Continental Can Company, Inc., Defendants.

(401 S.E. (2d) 155)

Supreme Court

*Thomas E. McCutchen* and *Evans Taylor Barnette, Whaley, McCutchen, Blanton & Rhodes*, Columbia, and *George H. Kearse*, Allendale, *for plaintiffs.*

*Charles E. Carpenter, Richardson, Plowden, Grier and Howser*, Columbia, and *Wyck A. Knox, Jr., Ted H. Clarkson* and *Thomas A. Russo*, Augusta, *for defendants.*

Heard Jan. 21, 1991.

Decided Feb. 4, 1991.

HARWELL, Justice:

Pursuant to Supreme Court Rule 46, we agreed to answer the question whether under South Carolina law it is necessary for an option to purchase provision in a lease to be supported by independent consideration in addition to the consideration of the mutual obligations of the lease provisions and the consideration of the lease payments. We hold that no independent consideration is necessary.

## FACTS

The plaintiffs entered into an indenture with Continental Can Company, Inc. (Company) for the purchase of standing timber, the lease of land, and timber cutting and removal privileges on a large tract of land for a period of thirty-five (35) years. The Company agreed to pay $20,000.00 for the purchase of the standing timber, $.25 per acre per year for rent, $2.25 per acre per year for timber cutting and timber removal privileges, and all ad valorem taxes on the land and timber. The indenture contains an option to purchase provision which provides that in the 35th year of the lease, the defendants have the right to purchase the acreage for $50.00 per acre. The document was executed on December 29, 1959. In 1989, plaintiffs brought this declaratory judgment action in federal court, seeking a determination that the option to purchase is unenforceable.

## DISCUSSION

Plaintiffs contend that the option provision contained in the lease agreement is not supported by independent consideration in addition to the obligations of the parties under the lease and the rental payments; therefore, it is not binding on the plaintiffs. Defendants counter that the correct interpretation dictates that an option which is but one of many obligations and promises imposed as a part of a larger agreement is valid and enforceable without the need for separately stated consideration.

Generally, no special consideration need be singled out or apportioned for each separate provision in a contract, and a number of agreements covering more than one subject may be founded on one consideration. 17 C.J.S. *Contracts* § 71 (1963). More specifically, as to option contracts, the general rule is that leases frequently contain provisions conferring upon the lessee the option to purchase the premises. 49 Am. Jur. (2d) *Landlord and Tenant* § 367 (1970). The provision in a lease for specified payments by the lessee to the lessor is consideration for an option to purchase contained in the lease, although the consideration is unseparated from that given for occupation of the property. *Id.; Irwin v. Dailey*, 216 Ga. 630, 118 S.E. (2d) 827 (1961) (rent under a lease constitutes sufficient consideration for an option).

Applying the foregoing legal principles, the rental payments and other promises contained in the indenture in this case are sufficient consideration to support the option to purchase provision. This is true even though the indenture does not single out any separate consideration for the option.

Certified question answered.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.